UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KAKHA ABULADZE, et al.,

                        Plaintiffs,

-v-

APPLE COMMUTER INC., et al.,

                        Defendants.

22-CV-08684 (MMG) (RFT)

**ORDER**

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

On February 14, 2024, this Court issued an Order directing Plaintiffs to move for an order to show cause why default judgment should not be entered against Defendants Hilton Manhattan/Westgate; Holiday Inn Express; Comfort Inn Chelsea/Heritage Hotel; Tryp by Wyndham; Shoreham Hotel; Hampton Inn Times Sq. South; and HHLP Duo Two Lessee LLC Candlewood Suites (the "Defaulting Defendants")[1]. (*See* ECF 84). The Court is in receipt of Plaintiffs' response to the Order dated February 14, 2024, ECF Nos. 155-66. Plaintiffs have satisfied the Order.

Accordingly, it is ORDERED that:

    1.    <u>Proposed Findings of Fact and Conclusions of Law</u>. No later than **April 18, 2024,** Plaintiffs shall file their Proposed Findings of Fact and Conclusions of Law concerning all damages and other monetary relief permitted in connection with a judgment against each Defaulting Defendant. The Proposed Findings of Fact and Conclusions of Law shall contain a concluding paragraph that succinctly summarizes the

---

[1] On March 14, 2024, Defendant S&G Hotel Corp. a/k/a St. James Hotel filed a notice of appearance in this action, ECF 168, and a letter request seeking to extend its time to answer the Second Amended Complaint until March 29, 2024, ECF 169. Plaintiffs' proposed findings of fact and conclusions of law need not address a potential default judgment against Defendant S&G Hotel Corp. a/k/a St. James Hotel.

1

exact dollar amount of the damages (or other monetary relief) sought, as well as the precise terms of any non-monetary relief sought from each Defaulting Defendant.

    2.    <u>Jurisdiction</u>. Before a judgment can be entered and damages or other relief can be awarded, the Court must be satisfied that it has personal jurisdiction over each Defaulting Defendant. *See Sheldon v. Plot Commerce*, No. 15-cv-5885 (CBA) (CLP), 2016 WL 5107072, at *6 (E.D.N.Y. Aug. 26, 2016) ("Personal jurisdiction is a necessary prerequisite to entry of a default judgment."), *report and recommendation adopted*, No. 15-cv-5885 (CBA) (CLP), 2016 WL 5107058 (E.D.N.Y. Sept. 19, 2016); *Lliviganay v. Cipriani 110 LLC*, No. 09-cv-0737 (LAK), 2009 WL 1044606, at *1 (S.D.N.Y. Apr. 14, 2009) (lack of proof of proper service "is an independent obstacle to a default judgment"); *Orellana v. World Courier, Inc.*, No. 09-cv-576 (NGG) (ALC), 2010 WL 3861002, at *2 (E.D.N.Y. Aug. 24, 2010) (denying motion for default judgment where there was "no indication on the docket that [defendant] has been served with the Complaint or any subsequent filings in this action, including the instant motion for default judgment against him"), *report and recommendation adopted*, No. 09-cv-576 (NGG) (ALC), 2010 WL 3861013 (E.D.N.Y. Sept. 28, 2010). The Court must also be satisfied that it has subject matter jurisdiction over the action. *See Sheldon*, 2016 WL 5107072, at *9 (citing *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 93-102 (1998)) ("[C]ourts may not reach the merits of a claim before establishing subject matter jurisdiction."). Plaintiffs are advised that failure to adequately establish service to each Defaulting Defendant may result in denial of Plaintiffs' request for a default judgment against each Defaulting Defendant.

3. <u>Liability</u>. The Court must also be satisfied that the well-pleaded allegations contained in the Complaint, which are taken as true after default, are sufficient to state a claim against each Defaulting Defendant. *See Sheldon*, 2016 WL 5107072, at * 5 (citing *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009)) ("It remains the plaintiff's burden to demonstrate that the uncontroverted facts establish the defendant's liability on each cause of action asserted."); *see also Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC*, 779 F.3d 182, 187 (2d Cir. 2015) ("[T]he court may, on plaintiffs' motion, enter a default judgment if liability is established as a matter of law when the factual allegations of the complaint are taken as true."). The Proposed Conclusions of Law must demonstrate, with reference to specific factual allegations contained in the Complaint, that those allegations are sufficient to establish each Defaulting Defendant's liability for each cause of action asserted against it.

4. <u>Damages</u>. Plaintiffs must provide evidence sufficient to permit the Court to "ascertain the amount of damages with reasonable certainty." *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999). Consequently, if Plaintiffs seek actual (as opposed to statutory or nominal) damages, the Proposed Findings of Fact must be supported by one or more declarations or affidavits, which may attach and authenticate any documentary evidence needed to establish the proposed damages. All evidence submitted in support of Plaintiffs' request for damages or other relief must be in admissible form. Each proposed finding of fact shall be followed by a citation to the paragraph of the declaration and/or page of documentary evidence that supports each

such proposed finding. In addition, the Proposed Findings of Fact should demonstrate how Plaintiffs have arrived at the proposed damages figure and should specifically tie the proposed damages to its legal claim(s) against each Defaulting Defendant.

        5.      <u>Service</u>. Prior to filing, Plaintiffs shall serve each Defaulting Defendant by mail at its last known address with Plaintiffs' Proposed Findings of Fact and Conclusions of Law, together with supporting materials and a copy of this Order. Plaintiffs shall file proof of such service along with its Proposed Findings of Fact and Conclusions of Law. *See* Local Civil Rule 55.2(c) ("[A]ll papers submitted to the Court pursuant to Local Civil Rule 55.2(a) or (b)" must be "mailed to the party against whom a default judgment is sought," and proof of such mailing "shall be filed with the Court.").

DATED:  March 18, 2024
       New York, New York

SO ORDERED.

**ROBYN F. TARNOFSKY**
United States Magistrate Judge