UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KAKHA ABULADZE, et al.,

                     Plaintiffs,

  -v-

APPLE COMMUTER INC., et al.,

                     Defendants.

22-CV-08684 (MMG) (RFT)

**OPINION AND ORDER**

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

Plaintiffs brought this action against multiple companies and individuals, including Defendant S&G Hotel Corp. a/k/a St. James Hotel ("S&G"), owning hotels around New York City, as well as against Defendants Apple Commuter Inc. ("Apple"), a staffing agency that sent Plaintiffs to work as concierges at hotels owned and operated by the Hotel Defendants and Biren J. Shah ("Shah"), Apple's owner (collectively, "Defendants"). (*See generally* ECF 61, SAC.) Plaintiffs alleged claims under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") for, among other things, failure to be compensated properly (*see id.* ¶¶ 158-95). Defendants' motion to dismiss Plaintiffs' second amended complaint ("SAC") was granted in part and denied in part and only the NYLL claims remain. (*See* ECF 82, Order.)

Before the Court are S&G's motions to vacate a certificate of default entered against it by the Clerk of Court on March 6, 2024 (*see* ECF 182, Motion To Vacate) and for an extension of time to file its answer to the operative complaint (*see* ECF 169, Motion for Extension of Time). For the reasons stated below, Defendant S&G's motions are GRANTED.[1]

---

[1] "In contrast to a motion for default judgment, which seeks dispositive relief, a motion to vacate an entry of default is not a dispositive motion and thus may be addressed by a magistrate judge in a memorandum and order, rather than a report and recommendation." *Renna v. Bright Mountain Media, Inc.*, No. 19-CV-5510 (RLM), 2020 WL 6786011, at *1 (E.D.N.Y. Oct. 19, 2020); *see also Kryszak v. Norfolk S. Corp.*, No. 17-CV-00530 (JLS) (MJR), 2020 WL 1445478, at *1 (W.D.N.Y. Mar. 25, 2020); *Sheet Metal, Air, Rail & Transp. Workers Local Union No. 137 v. Frank Torrone &*

## BACKGROUND

On April 7, 2022, Plaintiffs filed a complaint in the Supreme Court, County of New York. (*See* ECF 1, Not. of Removal Ex. A; ECF 55, 2/21/23 Tr. at 24.) On October 2, 2022, certain Defendants removed Plaintiffs' case to this Court. (*See* ECF 1, Not. of Removal.) Plaintiffs' proof of service as to S&G was filed as an attachment to the Notice of Removal. (*See* ECF 1, Not. of Removal Ex. Y.)

On February 14, 2024, I issued an order directing Plaintiffs to start default judgment proceedings against those Defendants, such as S&G, that had been served but that had not appeared or answered. (*See* ECF 84, Order to Show Cause.) In accordance with my Order To Show Cause, Plaintiffs filed requests for the Clerk to enter Certificates of Entry of Default against S&G, as well as other Defendants. (*See* ECF 138, Proposed Certificate of Default; ECF 141, Declaration in Support of Request for Certificate of Default.) On March 6, 2024, the Clerk of Court issued a Certificate of Default against S&G. (*See* ECF 138, Certificate of Default.)

That day, an attorney for another Defendant alerted S&G of Plaintiffs' efforts to obtain a default judgment. (*See* ECF 183, S&G's Mem. at 2; ECF 184, Declaration of Brenda Hersh ("Hersh Decl.") ¶ 9.) On March 7, 2024, S&G retained counsel at Pryor Cashman LLP, and counsel for S&G called and emailed Plaintiffs' counsel to try to prevent entry of a default judgment. (*See* ECF 183, S&G's Mem. at 2; ECF 185, Declaration of Bryan T. Mohler ("Mohler Decl.") ¶¶ 4-5.) On March 8, 2024, Plaintiffs' counsel agreed that 1) Plaintiffs would not seek a default judgment against S&G; and 2) Plaintiffs would consent to S&G appearing and seeking an extension of their time to

---

*Sons, Inc.*, No. 15-CV-2224 (KAM) (PK), 2018 WL 4771897, at *8 (E.D.N.Y. Oct. 3, 2018) (collecting cases).

respond to the SAC. (*See* ECF 183, S&G's Mem. at 2; ECF 185, Mohler Decl. ¶ 6.) On March 14, 2024, a week after retaining counsel, S&G filed a Notice of Appearance (*see* ECF 167, Notice of Appearance) and filed a request for an extension of time for S&G to answer the SAC (*see* ECF 169, Motion for Extension of Time). (*See* ECF 183, S&G's Mem. at 2.) Counsel for S&G and appeared at a March 14, 2024, Case Management Conference. (*See id*. at 2; ECF 185, Mohler Decl. ¶¶ 7-8).

On March 15, 2024, I issued an Order directing S&G to move to vacate the Certificate of Default before I considered S&G's motion for an extension of time to respond to the SAC. (*See* ECF 174, Order.) S&G filed its motion to vacate the Certificate of Default on March 26, 2024. (*See* ECF 182, Motion To Vacate.)

**LEGAL FRAMEWORK FOR SETTING ASIDE A CERTIFICATE OF DEFAULT**

Rule 55 of the Federal Rules of Civil Procedure provides plaintiffs with a "two-step process" for obtaining a default judgment against a defendant that has failed to defend. *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005). First a plaintiff must obtain a Certificate of Default from the Clerk of the Court, and the next step is to move the court for a Default Judgment. *See* Fed. R. Civ. P. 55(a)-(b).

Pursuant to Federal Rule of Civil Procedure 55(c), a court may set aside a Certificate of Default or a Default Judgment upon a showing of "good cause." Fed. R. Civ. P. 55(c). In determining whether good cause exists Courts consider: (1) the willfulness of default; (2) the existence of any meritorious defenses; and (3) prejudice to the non-defaulting party. *Green*, 420 F.3d at 104. The standard for setting aside a Certificate of Default is more lenient than that for vacating a Default Judgment, but the factors considered are the same for both. *See King v. Regen Med. Mgmt.*, LLC, No. 20-CV-6050 (AJN), 2021 WL 4066598, at *1 (S.D.N.Y. Sept. 7, 2021) (citations

3

omitted). No single factor is dispositive. *See Murray Eng'g, P.C. v. Windermere Properties LLC*, No. 12-CV-0052 (JPO), 2013 WL 1809637, at *4 (S.D.N.Y. Apr. 30, 2013). As a general matter, defaults are disfavored, and the Second Circuit has expressed a "strong preference for resolving disputes on the merits." *Green*, 420 F.3d at 104 (internal quotation marks and citation omitted). All doubts should be resolved in favor of the defaulting party. *See Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993).

"Willfulness" in the context of a default judgment requires "something more than mere negligence," such as "egregious or deliberate conduct." *Green*, 420 F.3d at 108 (citation omitted). However, willfulness does not require bad faith. *See Gucci Am., Inc. v. Gold Ctr. Jewelry*, 158 F.3d 631, 635 (2d Cir. 1998). "Conduct may be found to be willful where it is egregious, not satisfactorily explained, or is rationalized by flimsy excuse." *Aetna Life Ins. Co. v. Licht*, No. 03-CV-6764 (PKL) (JCF), 2004 WL 2389824, at *4 (S.D.N.Y. Oct. 25, 2004) (citation omitted). An inference of willful default is generally warranted if a defendant "does not deny that he received the complaint, the court's orders, . . . or that he never answered the complaint," and "does not contend that his non-compliance was due to circumstances beyond his control." *Guggenheim Capital, LLC v. Birnbaum*, 722 F.3d 444, 455 (2d Cir. 2013). A default is not willful when it was caused by "a mistake made in good faith." *Enron*, 10 F.3d 90, 96 (2d Cir.1993).

"A defense is meritorious if it is good at law so as to give the factfinder some determination to make." *Am. All. Ins. Co. v. Eagle Ins. Co.*, 92 F.3d 57, 61 (2d Cir. 1996) (citation omitted). "While a defendant must do more than offer conclusory assertions or dispute the amount of damages, the bar for such a showing is not high: a defendant's allegations are meritorious if they contain even a hint of a suggestion which, if proven at trial, would constitute a complete defense."

4

*Carrasco v. Acropol Rest. Corp.*, No. 18-CV-7883 (OTW), 2019 WL 2325556, at *3-4 (S.D.N.Y. May 31, 2019) (internal quotation marks and citations omitted).

"To be considered prejudicial, vacatur of a default must result in tangible harm beyond mere delay." *McInnis USA Inc. v. Aggrecem Mech.*, LLC, No. 21-CV-1253 (MKV), 2022 WL 3028980, at *2 (S.D.N.Y. Aug. 1, 2022). A plaintiff may demonstrate prejudice by showing "that delay will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion." *Davis v. Musler*, 713 F.2d 907, 916 (2d Cir. 1983) (internal quotation marks and citation omitted).

## ANALYSIS

Plaintiffs obtained a Certificate of Default against S&G but have not yet obtained a Default Judgment. Accordingly, I weigh the "good cause" factors under a more lenient standard. *See King*, 2021 WL 4066598, at *1.

**I.     Willfulness**

S&G has demonstrated that it did not act willfully in failing to respond to the complaint. S&G argues that its "failure to appear and timely answer the SAC was not deliberate, but rather a good faith mistake," arising out of its belief that the service of process for the present action related to an earlier lawsuit, captioned *Botakhanova v. Apple Commuter, Inc.,* which had been filed in 2017 and subsequently settled. (*See* ECF No. 183, S&G's Mem. at 4.) The prior action had been filed by the same Plaintiffs' counsel and alleged the same causes of actions. (*See id*.). While S&G does not provide any explanation for its failure to contact Plaintiffs' counsel after being served, to confirm that the service related to the 2017 case and not a new matter, on this motion, I resolve all doubts in S&G's favor, *see Enron Oil Corp.*, 10 F.3d at 96, and I accept S&G's representation that

5

it did not believe it needed to contact Plaintiffs' counsel. I therefore conclude that S&G was unaware that this matter was a separate lawsuit and misunderstood its obligation to respond. Based on this conclusion, I find that S&G's failure to timely respond to the SAC was not willful. *See Swarna v. Al-Awadi*, 622 F.3d 123, 142 (2d Cir. 2010) (finding a defendant's default not willful when it was "based on a mistaken belief that they need not answer the complaint"). Accordingly, this factor weighs in favor of vacating the Certificate of Default.

## II.     Meritorious Defense

S&G argues that it has a meritorious defense against Plaintiffs' NYLL claims, because Plaintiffs will be unable to establish that S&G was a joint employer of Plaintiffs under either of the tests used in the Second Circuit. S&G asserts that Defendants Apple and Shah paid S&G for use of space at S&G's hotel, from which Apple and Shah offered concierge services provided by Plaintiffs. (*See* ECF No. 183, S&G's Mem. at 6-7.) Additionally, S&G claims that discovery will disprove Plaintiffs' allegations that S&G and the staff at S&G's hotel oversaw, supervised, directed, disciplined, or otherwise controlled Plaintiffs when they worked. (*See id.*)

S&G's assertion that it merely rented space out to Apple would not necessarily mean that S&G could not be found to be a joint employer of Plaintiffs, and therefore that argument does not, standing alone, constitute a meritorious defense. However, this contention along with S&G's denial that it had anything to do with Plaintiffs while they worked, could support a finding that S&G was not a joint employer of Plaintiffs, which would constitute a meritorious defense to Plaintiffs' claims. *See Am. All. Ins.*, 92 F.3d at 61 ("A defense is meritorious if it is good at law so as to give the factfinder some determination to make.") (internal quotation marks and citation omitted). This factor therefore also supports vacating the Certificate of Default.

### III. Prejudice to Plaintiff

There is no evidence that vacating the Certificate of Default causes any harm to Plaintiffs, who have agreed to forgo seeking the entry of default judgment against S&G and who consented to S&G's request for an extension of time to respond to the SAC. (*See* ECF 183, S&G's Mem. at 4; ECF 185, Mohler Decl. ¶¶ 6-7, Ex. A at 1-2 (Email Chain with Plaintiffs' Counsel).)

There have been no substantial delays caused by S&G: the case remains in its early stages, with no discovery having yet been exchanged. (*See* ECF 173, Case Management Plan.) Only one week passed between the filing of the Certificate of Default and S&G's appearance in this action, which counsels against a finding of prejudice. *See Byrnes v. Yeats Constr. Mgmt., Inc.*, No. 12-CV-5355 (NSR) (LMS), 2017 WL 4045484, at *4 (S.D.N.Y. Sept. 11, 2017) (finding no prejudice when only six months had passed since entry of the default). Accordingly, this factor also weighs in favor of setting aside the Certificate of Default.

## CONCLUSION

After careful consideration, I find that the "good cause" factors weigh in favor of setting aside the Clerk's Certificate of Default. *Swarna,* 622 F.3d at 142. For the reasons set out above, S&G's motion to vacate the Certificate of Default is GRANTED. S&G's motion for an extension of time to answer the SAC is also GRANTED, nunc pro tunc, and S&G has until April 15, 2024, to answer the SAC. The Clerk of Court is respectfully requested to vacate the Certificate of Default as to S&G at ECF 138, terminate ECF 182 and terminate ECF 169.

DATED:  April 4, 2024
      New York, New York

SO ORDERED.

_____
**ROBYN F. TARNOFSKY**
United States Magistrate Judge