UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| KAKHA ABULADZE, et al., | |
|---|---|
| Plaintiffs, | 22-CV-8684 (MMG) (RFT) |
| -against- | **ORDER TO SHOW CAUSE** |
| APPLE COMMUTER, INC., et al., | |
| Defendants. | |

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

Plaintiffs are ordered to show cause by **February 14, 2025** why I should not issue a report and recommendation that the Honorable Margaret M. Garnett should sua sponte dismiss pursuant to Federal Rule of Civil Procedure 12(c) Plaintiffs' claims under the Fair Labor Standards Act ("FLSA") against Defendants Apple Commuter, Inc. ("Apple") and Biren J. Shah ("Shah").

Plaintiffs brought this action against multiple companies and individuals owning hotels around New York City, as well as against Apple, a staffing agency that sent Plaintiffs to work as concierges at hotels owned and operated by certain Defendants, and against Shah, Apple's owner. (*See generally* ECF 61, Second Amended Complaint ("SAC").) Plaintiffs alleged claims under the FLSA and the New York Labor Law ("NYLL") for, among other things, failure to be compensated properly (*see id.* ¶¶ 158-95), as well as state law claims for breach of contract and unjust enrichment (*see id.* ¶¶ 196-205). Certain Defendants (the "Moving Defendants") moved to dismiss the SAC on June 9, 2023. (*See* ECF 62, Mot. To Dismiss.)

At the time the motion to dismiss was filed, the case was automatically stayed pursuant to 11 U.S.C. § 362 against Defendants Apple and Shah only, because those two Defendants had filed Chapter 11 bankruptcy petitions. *See In re Sklar*, 626 B.R. 750, 763-64 (Bankr. S.D.N.Y. 2021); *see*

generally *In re Apple Commuter Inc.*, Ch. 11 Case No. 23-BK-41107-ESS (Bankr. E.D.N.Y. 2023) (bankruptcy petition filed on March 31, 2023); *In re Shah*, Ch. 11 Case No. 22-BK-41938-ESS (Bankr. E.D.N.Y. 2022) (bankruptcy petition filed on August 11, 2022).

I issued a report and recommendation that the Moving Defendants' motion to dismiss Plaintiffs' SAC should be granted in part and denied in part, in that the claims under the FLSA, under the NYLL for work performed before August 23, 2015, and for breach of contract and unjust enrichment should be dismissed with prejudice, but that the NYLL claims for worked performed on or after August 23, 2015 should be allowed to proceed. (*See generally* ECF 81, Report & Recommendation.) The basis for recommending dismissal of the FLSA claims with prejudice was that those claims were time barred. (*See id.*) The report and recommendation was adopted in its entirety by the Court on February 27, 2024, and so only the NYLL claims for work performed on or after August 23, 2015 remain against the Moving Defendants. (*See* ECF 82, Order.)

The automatic stay ended as to Defendant Shah on January 11, 2024, *In re Shah*, No. 22-BK-41938-ESS, Docket No. 56, and as to Defendant Apple on March 4, 2024, *In re Apple Commuter Inc.*, No. 23-BK-41107-ESS, Docket No. 37. Apple answered the SAC on March 25, 2024 (ECF 180, Apple Ans.; ECF 181), and Shah answered the SAC on May 7, 2024 (ECF 200, Shah Ans.). Apple and Shah each interposed the affirmative defense that Plaintiffs' claims were barred by the applicable statutes of limitations. (*See* ECF 180, Apple Ans. at 16; ECF 200, Shah Ans. at 16.)

Plaintiffs may discharge this order to show cause by filing a letter by **February 14, 2025** either 1) explaining why the rationale set forth in the report and recommendation (ECF 81) for dismissing with prejudice Plaintiffs' claims for FLSA violations against the Moving Defendants does not apply equally to the FLSA claims against Apple and Shah, or 2) stating that Plaintiffs acknowledge that the rationale for dismissing with prejudice Plaintiffs' claims for FLSA violations

against the Moving Defendants applies equally to the FLSA claims against Apple and Shah. Plaintiffs are admonished that failure to respond to this order to show cause may result in my recommendation to Judge Garnett that the FLSA claims against Apple and Shah should be dismissed. If Defendants Apple and Shah would like to be heard on this issue, they shall file a letter on the docket by **February 14, 2025**.

DATED: February 10, 2025
New York, New York

SO ORDERED.

_____
ROBYN F. TARNOFSKY
United States Magistrate Judge