```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| KAKHA ABULADZE, et al.,<br><br>                          Plaintiffs,<br><br>    -v-<br><br>APPLE COMMUTER INC., et al.,<br>                          Defendants. | 22-CV-08684 (MMG) (RFT)<br><br>**REPORT AND RECOMMENDATION** |

**TO THE HONORABLE MARGARET M. GARNETT, UNITED STATES DISTRICT JUDGE:**

For the reasons set forth below, I respectfully recommend that Your Honor sua sponte dismiss Plaintiffs' claims under the Fair Labor Standards Act ("FLSA") against Defendants Apple Commuter Inc. ("Apple") and Biren J. Shah ("Shah") as time barred, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure and retain supplemental jurisdiction over the remaining claims.

## BACKGROUND

Plaintiffs brought this action against multiple companies and individuals owning hotels around New York City, as well as against Apple, a staffing agency that sent Plaintiffs to work as concierges at hotels owned and operated by certain Defendants and against Shah, Apple's owner. (*See generally* ECF 61, SAC.) Plaintiffs alleged claims under the FLSA and the New York Labor Law ("NYLL") for, among other things, failure to be compensated properly (*see id.* ¶¶ 158-95), as well as state law claims for breach of contract and unjust enrichment (*see id.* ¶¶ 196-205). Certain Defendants (the "Moving Defendants") moved to dismiss the second amended complaint ("SAC") on June 9, 2023. (*See* ECF 62, Mot. To Dismiss.)

At the time the motion to dismiss was filed, the case was automatically stayed pursuant to 11 U.S.C. § 362 against Defendants Apple and Shah only, because those two Defendants had

filed Chapter 11 bankruptcy petitions. *See In re Sklar*, 626 B.R. 750, 764 (Bankr. S.D.N.Y. 2021); *see generally In re Apple Commuter*, Ch. 11 Case No. 23-BK-41107-ESS (Bankr. E.D.N.Y. 2023) (bankruptcy petition filed on March 31, 2023); *In re Shah,* Ch. 11 Case No. 22-BK-41938-ESS (Bankr. E.D.N.Y 2022) (bankruptcy petition filed on August 11, 2022).

I issued a report and recommendation that the Moving Defendants' motion to dismiss Plaintiffs' claims should be granted in part and denied in part, in that the claims against the Moving Defendants under the FLSA, under the NYLL for work performed before August 23, 2015, and for breach of contract and unjust enrichment should be dismissed with prejudice but that the NYLL claims for worked performed on or after August 23, 2015 should be allowed to proceed. (*See* ECF 81, Report & Recommendation at 38.) The basis for recommending dismissal with prejudice of the FLSA claims against the Moving Defendants was that those claims were time barred under the applicable two-year statute of limitations. (*See id*. at 19.)

The Moving Defendants did not ask the Court to decline to exercise supplemental jurisdiction over Plaintiffs' state law claims in the event the Court dismissed the federal law claims. (*See id*. at 8.) The report and recommendation was adopted in its entirety by the Court on February 27, 2024, and so only the NYLL claims for work performed on or after August 23, 2015 remain against the Moving Defendants; the Court retained supplemental jurisdiction over those claims. (*See* ECF 82, Order.)

The automatic stay ended as to Defendant Shah on January 11, 2024, *In re Shah,* No. 22-BK-41938-ESS, Docket No. 56, and as to Defendant Apple on March 4, 2024, *In re Apple Commuter*, No. 23-BK-41107-ESS, Docket No. 37. Apple answered the SAC on March 25, 2024 (ECF 180, 181), and Shah answered the SAC on April 15, 2024 (ECF 200). Apple and Shah each

interposed the affirmative defense that Plaintiffs' claims were barred by the applicable statutes of limitations. (*See* ECF 180, Apple Ans. at 16; ECF 200, Shah Ans. at 16.)

On February 7, 2025, I issued an order to show cause why I should not recommend that Your Honor should sua sponte dismiss the FLSA claims against Apple and Shah as time barred (ECF 291.) That order to show cause provided that Plaintiffs could satisfy the order by filing a letter by February 14, 2025 either 1) explaining why the rationale set forth in the report and recommendation (ECF 81) for dismissing Plaintiffs' claims for FLSA violations against the Moving Defendants does not apply equally to the FLSA claims against Apple and Shah or 2) stating that Plaintiffs acknowledge that the rationale for dismissing Plaintiffs' claims for FLSA violations against the Moving Defendants applies equally to the FLSA claims against Apple and Shah; the order to show cause also provided a deadline of February 14, 2025 for Defendants Apple to make a submission if they wished to be heard on this issue. (ECF 291.) I extended that deadline until February 21, 2025. (ECF 293.) Plaintiffs filed a letter on February 21, 2025, stating that they agree that Your Honor should sua sponte dismiss the FLSA claims against Apple and Shah for the same reasons those claims were dismissed against the Moving Defendants. (ECF 294.) Defendants Apple and Shah did not oppose or otherwise comment on whether the FLSA claims against them should be dismissed.

Dismissal should be considered pursuant to Rule 12(c) rather than Rule 12(b)(6), because Apple and Shah answered the SAC (ECF 180, 200). *See* Fed. R. Civ. P. 12(b) ("A motion asserting any of these defenses," including "failure to state a claim upon which relief can be granted" "must be made before pleading if a responsive pleading is allowed"); Fed. R. Civ. P. 12(c) ("After the pleadings are closed – but early enough not to delay trial – a party may move

for judgment on the pleadings."); 5C Wright & Miller's Fed. Prac. & Proc. Civ. § 1367 (3d ed. June 2024 update) (explaining that a Rule 12(c) motion provides a way to dispose of cases when "all material allegations of fact are admitted or not controverted and only questions of law remain to be decided[,]" such as "when the statute of limitations provides an effective bar against the plaintiff's claim").

Dismissal is warranted here, because "[t]he standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that for granting a Rule 12(b)(6) motion for failure to state a claim." *Lively v. WAFRA Inv. Advisory Grp., Inc.*, 6 F.4th 293, 301 (2d Cir. 2021).[1] Accordingly, the same considerations that warranted dismissal with prejudice of the FLSA claims against the Moving Defendants demonstrate the propriety of dismissing the FLSA claims against Apple and Shah with prejudice. (*See* ECF 81, Report & Recommendation at 19.)

A court may dismiss claims sua sponte under Rule 12(c) if, as is the case here, "it determines after the pleadings are closed that there is no material issue of fact presented and that one party is clearly entitled to judgment." *Flora v. Home Fed. Sav. & Loan Ass'n,* 685 F.2d 209, 211 (7th Cir. 1982); *see also Lyon v. Chase Bank USA, N.A.,* 656 F.3d 877, 883 (9th Cir. 2011) (holding it was not error for the district court to dismiss sua sponte under Rule 12(c)); *Walters v. Indus. & Commercial Bank of China, Ltd.*, 651 F.3d 280, 293 (2d Cir. 2011) (noting

---

[1] Apple and Shah preserved their statutes-of-limitations defenses by raising the applicable statutes of limitations as affirmative defenses in their answers. *See Cajero Torres v. Sushi Sushi Holdings Inc.,* No. 19-CV-2532 (PAE) (RWL), 2021 WL 2158017, at *5 (S.D.N.Y. May 27, 2021) (explaining that the defendant, by including the statute of limitations as an affirmative defense in its answer, preserved the issue even though the defendant had not raised the issue on a motion to dismiss).

4

that "[b]oth the Supreme Court and the Second Circuit have long held that courts may dismiss actions on their own motion in a broad range of circumstances where they are not explicitly authorized to do so by statute or rule").

I therefore respectfully recommend that the FLSA claims against Apple and Shah should be dismissed with prejudice. Apple and Shah have not requested that the Court decline to exercise supplemental jurisdiction over the remaining state law claims against them, and I respectfully recommend that the Court should exercise supplemental jurisdiction over those claims. A court with original jurisdiction over claims in a case "shall have supplemental jurisdiction over all other claims that are so related to claims in the action . . . that they form part of the same case or controversy under Article III." *F5 Cap. v. Pappas*, 856 F.3d 61, 77 (2d Cir. 2017) (quoting 28 U.S.C. § 1367(a)). Claims are considered "part of the same case or controversy if they derive from a common nucleus of operative fact." *Shahriar v. Smith & Wollensky Rest. Grp., Inc.*, 659 F.3d 234, 245 (2d Cir. 2011). Plaintiffs' state law claims form part of the same case or controversy as the FLSA claims against Apple and Shah.

Courts have discretion when deciding whether to exercise supplemental jurisdiction over state law claims, *see City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173-74 (1997), but when the state law claim meets the "same case or controversy" test under section 1367(a), "the discretion to decline supplemental jurisdiction is available only if founded upon an enumerated category of subsection 1367(c)." *Shahriar*, 659 F.3d at 245. As relevant here, subsection 1367(c) permits a court to decline to exercise supplemental jurisdiction if the court "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c). Therefore,

the Court may decline to exercise its discretion to decline supplemental jurisdiction over Plaintiffs' remaining state law claims against Apple and Shah.

However, a court should not decline to exercise supplemental jurisdiction after dismissing all claims over which it has original jurisdiction absent a determination that exercising supplemental jurisdiction would not promote "economy, convenience, fairness, and comity." *Jones v. Ford Motor Credit Co.*, 358 F.3d 205, 214 (2d Cir. 2004) (citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966)). Here, exercising supplemental jurisdiction over the remaining claims against Apple and Shah would promote economy, convenience, and fairness and would not harm the interests of comity.

This case has been pending in this Court for over two years, and the parties that have appeared are close to finalizing a settlement. The Court has already retained supplemental jurisdiction over the remaining state law claims against the Moving Defendants and has jurisdiction over FLSA and state law claims against non-appearing Defendants. The Court has issued several orders in this matter and is quite familiar with the facts of the case. Declining to exercise supplemental jurisdiction over the FLSA claims against Apple and Shah would lead to a waste of resources, would be inconvenient, and would be unfair to both Plaintiffs and Apple and Shah. And because the parties are close to settlement, declining to exercise supplemental jurisdiction would not avoid "needless decisions of state law" by this Court that could impair the interests of comity, *Moran v. Tryax Realty Mgmt., Inc.*, No. 15-CV-8570 (RJS), 2016 WL 3023326, at *4 (S.D.N.Y. May 23, 2016); the Court is unlikely to need to issue any further decisions of state law in connection with the claims against Apple and Shah.

## CONCLUSION

For the foregoing reasons, I respectfully recommend that Your Honor should sua sponte dismiss with prejudice pursuant to Rule 12(c) Plaintiffs' FLSA claims against Apple and Shah: the FLSA claims against Apple and Shah, like the FLSA claims against the Moving Defendants, are time barred. I further respectfully recommend that Your Honor should retain supplemental jurisdiction of the remaining state law claims against Apple and Shah.

DATED: February 24, 2025
         New York, New York

Respectfully Submitted,

**ROBYN F. TARNOFSKY**
**United States Magistrate Judge**

**NOTICE OF PROCEDURE FOR FILING OBJECTIONS TO REPORT AND RECOMMENDATION**

The parties shall have fourteen days (including weekends and holidays) from service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure to this Report and Recommendation. A party may respond to another party's objections within fourteen days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Such objections, and any response to objections, shall be filed with the Clerk of the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Any requests for an extension of time for filing objections must be addressed to Judge Garnett.

**THE FAILURE TO OBJECT WITHIN FOURTEEN DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW.** *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140 (1985).