UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KAKHA ABULADZE, ERKEGUL ALSHIMBAY, TEMURBEK AMONOV, ALBERT ARTABAEV, OLESYA BALAKIREVA, PARVIZ BASHIROV, KETEVAN CHACHUA, SAYANA DOMSHOEVA, NATIA DUDUCHAVA, GIORGI GABISONIA, ALISHER JABBAROV, ILYA KALPAKBAYEVA, NADEZHDA KHALTANOVA, BEKA KHIPASHVILI, NATALIA LAPINA, ANUKI LOMIDZE, GVANTSA MIERZEJEWSKI, A/K/A CHRISTINA MARGASLITASHVILI, CHINGIZ MIRZAMSEITOV, IRINA MITROKHINA, AIDAR ORYNBEKOV, VALENTINA POKROVSKAIA, NURSULU TAUKEBAYEVA, DEZERASSA TEMIRAEVA, AKZHARKYN YEDRISSOVA, TAMAR ZABAKHIDZE, ANNA TCEBEKOVA, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>- v -<br><br>APPLE COMMUTER INC., BIREN J. SHAH, EDISON MANAGEMENT CO. LLC, AKA EDISON HOTEL, 237 WEST 54 OWNER LLC A/K/A HILTON GARDEN INN (54), HHLP 52 LESSEE LLC A/K/S HILTON GARDEN INN (52), PNY III LLC A/K/A HILTON MANHATTAN/WESTGATE, CDL HOTELS USA INC. A/K/A MILLENNIUM HILTON HHLP DUO THREE LESSEE LLC A/K/A HOLIDAY INN EXPRESS, BRISAM MANAGEMENT DE LLC A/K/A HOLIDAY INN CHELSEA, PATEL KHANBUDHAI/COMFORT INN CHELSEA/HERITAGE HOTEL, COMFORT INN A/K/A COMFORT INN TIMES SQUARE, NEW GENERATION MANAGEMENT CORP. A/K/A LA QUINTA /HOTEL AT 5TH AVENUE, WOLCOTT HOTEL CO. A/K/A WOLCOTT HOTEL, S&G HOTEL CORP. A/K/A ST. JAMES HOTEL, EROS MANAGEMENT & REALTY LLC A/K/A TRYP BY WYNDHAM, THE SHOREHAM LLC A/K/A SHOREHAM HOTEL, HAMPTON INN A/K/A HAMPTON INN TIMES SQ SOUTH, NEW YORK MARKETING INC A/K/A NYMA, MOOSAZADEH, HAMAYOON, DIEDERICH, MICHAEL A/K/A HOTEL AT TIMES SQUARE, HHLP DUO TWO LESSEE LLC CANDLEWOOD SUITES, EXECUTIVE LE SOLEIL NEW | Case No.: 22 cv 8684 (MMG)(RFT)<br><br>**MEMORANDUM IN OPPOSITION** |

| | |
|---|---|
| YORK LLC AKA EXECUTIVE HOTEL LE SOLEIL NEW YORK, 228 WEST 47 STREET XYZ CORP., 237 WEST 54 STREET XYZ CORP., 206 EAST 52 STREET XYZ CORP., 304 EAST 42 STREET XYZ CORP., ONE UNITED NATIONS PLAZAXYZ CORP., 343 WEST 39 STREET XYZ CORP., 232 WEST 29 STREET XYZ CORP., 17 WEST 32 STREET XYZ CORP., 4 WEST 31 STREET XYZ CORP., 109 WEST 45 STREET XYZ CORP., 345 WEST 35 STREET XYZ CORP., 337 WEST 39 STREET XYZ CORP., 6 WEST 32 STREET XYZ CORP., 59 WEST 46 STREET XYZ CORP., 38 WEST 36 STREET XYZ CORP., AND JOHN/JANE DOE,<br><br>                                          Defendants. | |

## **PRELIMINARY STATEMENT**

Apple Commuter Inc. and Biren Shah (collectively, "Apple"), through their undersigned counsel, respectfully oppose plaintiffs' motion to certify a Rule 23 Class Action, appoint two (2) of the party plaintiffs as class representatives, appoint class counsel and other relief as set forth in the motion and supporting declaration, filed at Docket 318 and 319, respectively.

Apple never agreed to the terms of a class action settlement. The terms of the settlement reached by Apple were placed on the record in court following a settlement conference in which all relevant parties participated, on February 7, 2025.

For the reasons described in the Declaration in Support filed by Plaintiffs' counsel [Docket 319], the relief should be denied. The parties have not conducted class action discovery. There is no basis on this record to simply assume that there are similarly situated individuals to the plaintiffs, or that the numerosity element is satisfied. Indeed, the only discovery we have on the issue of potential class members is the court's inquiry/order of May 12, 2025, which provides as follows:

ORDER: On May 6, 2025, I ordered Plaintiff's counsel to provide a list of all individuals who worked at Apple Commuter and/or the Hotel Defendants, along with other information. Defendants Apple Commuter and Shah are ordered, by May 20, 2025, to inform Plaintiffs and the Hotel Defendants whether they are aware of any additional individuals who worked during the time period at issue in this case at Apple Commuter and/or the Hotel Defendants. (HEREBY ORDERED by Magistrate Judge Robyn F. Tarnofsky) (Text Only Order) (ah)

In response to the court's order, Apple stated that it has no contact information for any of the few individuals whom Plaintiffs identified, are not aware of any other individuals, and has no concierge staff presently or since the onset of Covid-19 related closures.

There is no basis on the motion papers to assume that class certification is or could be appropriate. Simply stated, no class discovery was conducted. Based upon the limited discovery exchanged and the record filed herein, there is simply no basis to assume that there are any current or former employees of the defendants who are "similarly situated" to plaintiffs by suffering from a common policy or plan devised to pay them wages below the applicable statutory minimum wage, or to not pay them at the rate of time and one-half as overtime compensation for each hour worked in excess of forty (40) per week. The plaintiffs themselves negotiated a settlement in this case and have the right to proceed with the settlement they reached with Apple, for their benefit and not for the benefit of a claims administrator, counsel and other unknown individuals who have not joined the action for their own reasons.

The supporting declaration of counsel taken as a whole makes it clear that even collective action certification would be inappropriate. Certification of a class action is therefore wholly inappropriate in this case, was never contemplated by Apple in its resolution of the case in court earlier this year, and would be flawed in so many respects as to make it illogical and inappropriate.

## CONCLUSION

For all the foregoing reasons, and because the motion is insufficient for the court to determine that class action certification would be appropriate, it is respectfully requested that the Court deny Plaintiffs' motion in its entirety.

Dated: New York, New York
       July 2, 2025

                                  Respectfully submitted,

                                  CILENTI & COOPER, PLLC
                                  **Attorneys for Apple Commuter, Inc.**
                                  **and Biren Shah**
                                  60 East 42nd Street – 40th Floor
                                  New York, NY 10165
                                  Telephone (212) 209-3933
                                  Facsimile  (212) 209-7102

                    By: _____
                                  Peter H. Cooper (PHC 4714)

To:    All Parties of Record (Via ECF)