UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KAKHA ABULADZE, et al.,

                              Plaintiffs,

         -against-                                          22-CV-8684 (MMG) (RFT)

APPLE COMMUTER, INC., et al.,                                **ORDER**

                              Defendants.

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

Pending before the Court is Plaintiffs' motion for preliminary approval of a class action settlement (the "Settlement Agreement") and provisional class certification, for settlement purposes only, pursuant to Rule 23 of the Federal Rules of Civil Procedure (the "Fifth Motion"). (*See* ECF 375.) The filings in support of the Fifth Motion contain certain deficiencies: Plaintiffs' filings do not contain specific evidentiary support, namely affidavits or sworn declarations, sufficient for the court to evaluate the fairness of the settlement.

Under Rule 23(e), a court is authorized to approve a proposed settlement if it finds the settlement to be "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). Courts within the second circuit are permitted to consider both the Rule 23(e)(2) factors and the Grinnell factors when determining whether to approve a proposed settlement. *Roberts v. Genting New York LLC,* No. 14-CV-0257 (KAM)(VMS), 2026 WL 643206, at *2 (E.D.N.Y. Feb. 23, 2026). "[W]hile a court should not give "rubber stamp approval" to a settlement, it must stop short of the detailed and thorough investigation that it would undertake if it were actually trying the case." *Shapiro v. JPMorgan Chase & Co.*, No. 11 CIV. 7961 CM, 2014 WL 1224666, at *10 (S.D.N.Y. Mar. 24, 2014) (relying on multiple sworn declarations submitted by plaintiff, including a joint

declaration by both parties, to evaluate the fairness of the settlement agreement). "To approve a settlement before class certification, courts demand a clearer showing of a settlement's fairness, reasonableness and adequacy and the propriety of the negotiations leading to it." *Caccavale v. Hewlett-Packard Co.*, No. 2:20-CV-0974 (NJC) (ST), 2024 WL 4250337, at *8 (E.D.N.Y. Mar. 13, 2024) (citing *Weinberger v. Kendrick*, 698 F. 2d 61, 73 (2d Cir. 1982)).

When evaluating the fairness, adequacy, and reasonableness of a settlement agreement, the parties must provide sufficient supporting documentation that the proposed settlement is procedurally and substantively fair. *See id*. at *10 (denying preliminary approval of settlement where plaintiffs' brief failed to address how the proposed settlement satisfied the requirements of Rule 23(e)(2) and where the two-page attorney affidavit failed to "provide any sworn facts about…the adequacy of class counsel and the class representative or the class representative's contributions to the class"); *see also Zink v. First Niagara Bank*, N.A., 155 F. Supp. 3d 297, 312 (W.D.N.Y. 2016) (rejecting preliminary approval of class action settlement as the showing of the proposed settlement was not backed by adequate evidence that it was fair to absent class members).

Accordingly, by **May 11, 2026**, Plaintiff is shall file supporting documentation on the docket addressing both the procedural and substantive fairness of the Proposed Settlement Agreement.

Dated: May 6, 2026　　　　　　　　　　　　SO ORDERED.
　　　　New York, NY

_____

**ROBYN F. TARNOFSKY**
**United States Magistrate Judge**