UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KAKHA ABULADZE, et al.,

                Plaintiffs,

   -against-

APPLE COMMUTER, INC., et al.,

                Defendants.

22-CV-8684 (MMG) (RFT)

**ORDER**

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

Pending before the Court is Plaintiffs' motion for preliminary approval of a class action settlement (the "Settlement Agreement") and provisional class certification, for settlement purposes only, pursuant to Rule 23 of the Federal Rules of Civil Procedure (the "Fifth Motion"). (*See* ECF 375.) The filings in support of the Fifth Motion contain certain deficiencies: Plaintiffs' filings do not contain specific evidentiary support, namely affidavits or sworn declarations, sufficient for the court to evaluate the fairness of the settlement.

Under Rule 23(e)(2)(c)(iii), a court must consider "the terms of any proposed award of attorney's fees, including timing of payment." When determining the appropriate award, Courts generally used one of two approaches: (1) the lodestar method, or (2) the percentage of the fund method. *See Roberts v. Genting New York LLC*, No. 14-cv-0257 (KAM) (VMS), 2026 WL 643206, at *6; *In re 3D Sys. Sec. Litig.,* No. 21CV1920NGGTAM, 2024 WL 50909, at *14 (E.D.N.Y. Jan. 4, 2024). Under either method, the Second Circuit has identified six factors to guide a court's determination of the reasonableness of attorneys' fees: "(1) the time and labor expended by counsel; (2) the magnitude and complexities of the litigation; (3) the risk of the litigation; (4) the quality of the litigation; (5) the requested fee in relation to the settlement;

and (6) public policy considerations." *Goldberger v. Integrated Resources, Inc.*, 209 F.3d 43, 50

(2d Cir. 2000). Where, as here, the Court uses the percentage of the fund method to assess the

reasonableness of the fee request, Courts in this Circuit "will also crosscheck the percentage fee

against counsel's lodestar amount of hourly rate multiplied by hours spent." *In re 3D Sys. Sec.*

*Litig.,* 2024 WL 50909, at *14. "[T]he lodestar, is the product of a reasonable hourly rate and

the reasonable number of hours required by the case." *Olaechea v. City of New York*, No. 17-

CV-4797 (RA), 2022 WL 3211424, at *13 (S.D.N.Y. Aug. 9, 2022) (quoting *Millea v. Metro-North*

*R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011)).

Requested fees "must be supported with contemporaneous time records establishing

for each attorney for whom fees are sought, the date on which work was performed, the hours

expended, and the nature of the work done." *Olaechea*, 2022 WL 3211424, at *13 (quoting

*Abdell v. City of New York*, No. 05-CV-8453 (RJS), 2015 WL 898974, at *2 (S.D.N.Y. Mar. 2,

2015)); see also *N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1147-48 (2d

Cir. 1983) (holding that "[c]ontemporaneous time records are a prerequisite for attorney's fees

in this Circuit" and that such records "should specify, for each attorney, the date, the hours

expended, and the nature of the work done").

Accordingly, by **May 13, 2026**, Plaintiffs shall file documentation on the docket

supporting Plaintiffs' Counsel's fee request, including Plaintiffs' retainer agreements and

Counsel's billing records.

Dated: May 7, 2026                                      SO ORDERED.
     New York, NY

_____

**ROBYN F. TARNOFSKY**
**United States Magistrate Judge**

2