UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KAKHA ABULADZE, et al.,

                    Plaintiffs,

        -against-                                          22-CV-8684 (MMG) (RFT)

APPLE COMMUTER, INC., et al.,                              **ORDER**

                    Defendants.

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

Pending before the Court is Plaintiffs' motion for preliminary approval of a proposed class action settlement agreement (the "Settlement Agreement") and for provisional class certification, for settlement purposes only, pursuant to Rule 23 of the Federal Rules of Civil Procedure (the "Sixth Motion"). (*See* ECF 375.) The filings in support of the Sixth Motion contain certain deficiencies. Under Rule 23(e)(2), a court must assess adequacy of relief, including "the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims." Fed. R. Civ. P. 23(2)(2)(c)(ii). To assess this factor, courts look primarily to the opinion of counsel when determining whether a plan of allocation is fair. *See In re EVCI Career Colleges Holding Corp. Sec. Litig.*, No. 05-CV-10240 (CM), 2007 WL 2230177, at *11 (S.D.N.Y. July 27, 2007); *In re Lloyd's American Trust Fund Litig.*, No. 96-CV-1262 (RWS), 2002 WL 31663577, at *18 (S.D.N.Y. Nov. 26, 2002) (determining that the adequacy of a proposed settlement turned on whether counsel has properly apprised itself of the merits of a claim, including whether apportionment of settlement proceeds is fair and appropriate). Here, the plan of allocation of funds to putative class members allows the parties, in their discretion, to modify the allocation formula "as necessary so as to ensure the intent of the parties in

reaching the [Settlement Agreement] is honored." (ECF 384, Settlement Agreement ¶3.4(D).) However, Plaintiffs' filings provide no rationale for or caselaw supporting this modification provision. By **July 6, 2026**, Plaintiffs' Counsel shall file a supplemental brief explaining the basis for the modification provision.

Additionally, the Second Circuit has "recognized an implied requirement of ascertainability in Rule 23[.]" *In re Petrobras Sec.*, 862 F.3d 250, 260 (2d Cir. 2017). "The ascertainability doctrine that governs in this Circuit requires . . . that a class be defined using objective criteria that establish a membership with definite boundaries." *Id*. at 264. The proposed settlement class includes, among other individuals, employees of "any related entit[ies] associated or affiliated with Apple Commuter Inc., Hotel Concierge Express, Inc. or Biren J. Shah." (ECF 375, Sixth Motion at 1.) By **July 6, 2026**, Plaintiffs shall provide the Court with a list of any known affiliates of the Apple Defendants that they want to be encompassed in the list of employers for the class definition.

Dated: June 29, 2026
     New York, NY

SO ORDERED.

**ROBYN F. TARNOFSKY**
**United States Magistrate Judge**

2