USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 08/7/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KAKHA ABULADZE, et al.,

Plaintiffs,

-against-

APPLE COMMUTER, INC., et al,

Defendants.

22-CV-08684 (MMG)

**ORDER ADOPTING REPORT & RECOMMENDATION**

MARGARET M. GARNETT, United States District Judge:

The parties in this case have been negotiating settlement in good faith for a number of years, with the able assistance of Magistrate Judge Tarnofsky, to whom this matter was referred. On February 26, 2026, the parties filed the present motion for preliminary approval of their proposed class action settlement. *See* Dkt. No. 375.

In a Report and Recommendation ("R&R") filed on July 8, 2026, Judge Tarnofsky recommended that the Sixth Motion be granted with certain stipulations. Specifically, the R&R recommends an order:

- GRANTING conditional certification of the following class for settlement purposes only, pursuant to Federal Rules of Civil Procedure 23(a) and b(3): Plaintiffs and all individuals who were hourly, non-exempt employees of Apple Commuter Inc., Hotel Concierge Express Inc., and Biren J. Shah who expressly performed services for any such entity or individual at the locations owned and/or operated by the Hotel Defendants during the Settlement Period of April 7, 2016 to present.
- APPOINTING Kakha Abuladze as class representative and Ballon Stoll P.C. as class counsel for settlement purposes only, pursuant to Federal Rules of Civil Procedure 23.

- CONCLUDING that the prerequisites of Federal Rule of Civil Procedure 23(a) and (b)(3) have been satisfied as to the Settlement Class, for purposes of settlement only.
- GRANTING preliminary approval of the Settlement Agreement, as revised to (a) conform the definition of the Class to the definition provided above, (b) strike from Section 3.4(d) the provision permitting modifications to allocations of payments to Class Members, and (c) add a provision to address the possibility that there are unclaimed funds at the end of the notice and claim period.
- Substantially APPROVING the form and content of the Proposed Notice and finding that the process described for providing notice to the Class Members comports with Federal Rule of Civil Procedure 23(c)(2)(B).
- PERMITTING the parties to update any dates and deadlines in the Class Notice and Claim Form to conform with the R&R or any of this Court's orders.
- APPOINTING Analytics Consulting LLC as settlement Administrator and ORDERING the Administrator, within five days after the deadline for Class Members to opt out (90 days from the date the Notice was mailed), to file any written objections to the Settlement Agreement submitted by a Class Member who has not opted out and postmarked before the deadline for Class Members to opt out.
- SCHEDULING a Fairness Hearing for 120 days after the issuance of this Order.

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). To accept those portions of the report to

which no timely objection has been made, however, a district court need only satisfy itself that there is no clear error on the face of the record. *See, e.g., Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

In the present case, the R&R advised the parties that they had fourteen (14) days from receipt of the Report and Recommendation to file any objections, and warned that failure to timely file such objections would result in waiver of any right to object. *See* Dkt. No. 390, at 53–54. In addition, the R&R expressly called Defendants' attention to Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). *Id.* Nevertheless, as of the date of this Order, no objections have been filed and no request for an extension of time to object has been made. Accordingly, Defendants have waived the right to object to the R&R or to obtain appellate review. *See Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *see also Caidor v. Onondaga County*, 517 F.3d 601 (2d Cir. 2008).

Despite the waiver, the Court has reviewed the motion papers and the R&R, unguided by objections, and finds the R&R to be well reasoned, thorough, and grounded in fact and law. Accordingly, the R&R is ADOPTED in its entirety.

Counsel is ORDERED to proceed with providing notice to Class members as provided in the R&R, and to appear for a Fairness Hearing on **Friday, December 4, 2026**, at **11:00 a.m.**, in Courtroom 906 of the Thurgood Marshall Courthouse, 40 Foley Square, New York, New York 10007.

The Clerk of Court is respectfully directed to terminate Docket No. 375.

Dated: August 7, 2026
New York, New York

SO ORDERED.

MARGARET M. GARNETT
United States District Judge